UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6024-CR-Seitz

UNITED STATES OF AMERICA

vs.

HENRY HERNANDEZ

        Defendant.

_____ _____/

## JOINT MOTION TO CONTINUE TRIAL

**COME NOW** the parties, the United States of America, by and through the undersigned

Assistant United States Attorney, and the defendant, Henry Hernandez, by and through his

undersigned counsel, and jointly move the Court to continue the trial in this matter for thirty days,

or such longer period as is convenient to the Court. In support of this motion, the parties state as

follows:

      1.      On January 27, 2000, Hernandez was indicted in the Southern District of Florida on

one count of conspiracy to possess cocaine with the intent to distribute it, in violation of 21 U.S.C.

§ 846, and one count of possession of cocaine with the intent to distribute it, in violation of 21

U.S.C. § 841(a)(1).

      2.      On approximately November 13, 2003, Hernandez, then incarcerated in New York

State, requested resolution of the charges pending in this district, pursuant to the Interstate

Agreement on Detainers, 18 U.S.C. App. 2.

3.    By order of March 10, 2004, this Court set this matter for trial during the two-week trial calendar commencing May 3, 2004.

4.    On March 30, 2004, Marc Osborne, the undersigned government attorney, left a voice message for Helaine Batoff, the undersigned defense counsel, stating that Osborne's schedule would not permit him to prepare for trial during the two weeks preceding the May 3, 2004 calendar.* Therefore, Osborne wished to conclude any plea negotiations by Friday, April 9, 2004, and did not expect to enter a plea agreement in which the government recommended a three-level Guidelines adjustment for acceptance of responsibility after that date. Osborne also stated that he would not oppose a motion to continue the trial, if the defense wanted one in order to consider whether to resolve the case by plea.

5.    On April 8, 2004, along with the government's supplemental response to the standing discovery order, Osborne faxed and mailed a letter to Batoff, stating again that Osborne would begin trial preparation the week of April 12, 2004. In light of the new discovery, Osborne wrote that the government would be willing to enter a plea agreement recommending a three-level adjustment for acceptance of responsibility up to Tuesday, April 13, 2004. Osborne also stated that the government would be proposing a superseding indictment to ensure that the indictment conformed to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), decided after the original indictment was returned. Finally, Osborne reiterated that he would not object to a motion to continue the trial and noted that, under New York law, Hernandez would receive credit against his state sentence for his time in federal pretrial detention. See N.Y. Crim. P. Law § 580.20, art. V(f) (McKinney 1995).

---

* As reflected in the attached affidavit, Osborne will be out of the office for training from the afternoon of Monday, April 19, 2004 through Thursday, April 29, 2004, inclusive.

6.    On April 9, 2004, Osborne sent Batoff a proposed plea agreement in which Osborne agreed to recommend a three-level adjustment for acceptance of responsibility, stating that the agreement would be valid through Tuesday, April 13, 2004.

7.    **On April 13, 2004, Batoff** told Osborne that Hernandez would enter the government's proposed plea agreement, thereby resolving the case without trial.

8.    As reflected in Osborne's attached affidavit, Osborne, after speaking to Batoff, canceled his scheduled appearance in the grand jury to supersede the indictment, canceled additional witness interviews scheduled for that week, and did not secure a co-chair to continue trial preparation in Osborne's absence.

9.    On Thursday, April 15, 2004, Batoff told Osborne that Hernandez could no longer commit to changing his plea or entering the government's proposed plea agreement, meaning that the case might need to be resolved by trial.

10.    Osborne will be out of the office from the afternoon of Monday, April 19, 2004 through Thursday, April 29, 2004, inclusive. Therefore, the government will not be able to prepare for a trial held during the May 3, 2004 calendar, nor to obtain a superseding indictment conforming with *Apprendi*. As reflected in Osborne's attached affidavit, the government believes that it would have been ready for trial had Osborne prepared for trial during the week of Monday, April 12, 2004. The defense has no reason to doubt this belief.

11.    The parties agree that each has dealt with the other in good faith. The parties further agree that the government reasonably decided not to prepare for trial because of Hernandez's agreement to plead guilty and that a continuance to allow the government and defense to prepare for trial is appropriate.

3

12.     The parties agree that, for the reasons stated herein, the ends of justice outweigh the best interest of the public and the defendant in a speedy trial, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(8).

13.     The Interstate Agreement on Detainers, Title 18 App., United States Code, Section 2, art. III(a), states that the Court may grant "any necessary or reasonable continuance" to the defendant's trial date, "for good cause shown in open court, the [defendant] or his counsel being present . . . ." By this pleading, the defense waives its right to continuance in open court and consents to the Court's entry of the continuance by written order. In the alternative, the parties request that the continuance be granted at the scheduled calendar call on April 29, 2004.[1]

14.     On April 15, 2004, Batoff and Osborne agreed that the parties would jointly move to continue the trial and discussed in general what the joint motion would say. Osborne then prepared a joint motion and, on Friday, April 16, faxed it to Batoff. However, Batoff did not have an opportunity to speak to Osborne on April 16. Because Osborne is leaving the office the afternoon of Monday, April 19, the government is filing this joint motion over the government's signature and serving it on the defense, with a request that the defense file a separate pleading joining the motion. If the defense does not join the motion, the government requests that this pleading be construed as a government motion for continuance.

WHEREFORE, the parties jointly move the Court to continue the trial in this matter for thirty days, or such longer period as is convenient to the Court.

---

[1] Osborne will not be back in the office on April 29, 2004, but the government will be represented by another attorney familiar with these issues.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

Date: 4/18/04                      By: Marc Osborne

Marc Osborne
Assistant United States Attorney
Court ID# A5500796
99 N.E. 4th Street
Miami, Florida 33132
Tel: (305) 961-9198
Fax: (305) 530-7976

## AFFIDAVIT

I, Marc Osborne, hereby declare the following:

1. I am the Assistant United States Attorney assigned to *United States v. Henry Hernandez*, 00-6024-CR-Seitz.

2. Since at least March 2, 2004, I have been scheduled to attend training in Columbia, South Carolina, which training would require me to be out of the office from the afternoon of Monday, April 19, 2004 through Thursday, April 29, 2004, inclusive of those dates.

3. In late March and early April, 2004, aware of the possibility that this case would go to trial, and aware that the trial was scheduled for the May 3, 2004 trial calendar, I made arrangements to prepare for trial before leaving for training. These arrangements included scheduling of witness conferences with the major witnesses for the week of April 5, 2004 (my last full week in the office before the beginning of the trial calendar) and making preliminary arrangements to have a second Assistant United States Attorney assigned to the case, who would have continued trial preparation in my absence and tried the case with me.

4. Because Hernandez was indicted before the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the indictment did not charge the weight of the cocaine involved in Hernandez's offenses. Therefore, I scheduled a superseding indictment, which would have been proposed to the grand jury at 3 p.m. on April 6, 2004.

5. On April 13, 2004, when Helaine Batoff told me that Hernandez would plead guilty pursuant to my previously proposed plea agreement, I cancelled my grand jury appearance and my remaining witness conferences, one of which was scheduled for later that day and the others for later in the week. In addition, I did not complete the arrangements to have a co-chair assigned to the

case.

6.      Had I conducted the scheduled witness conferences and had a co-chair been assigned

to the case, I believe the government would have been ready for trial on May 3, 2004.

I hereby declare under penalty of perjury, that the foregoing is true and correct.

*Marc Osborne* 4/18/04

Marc Osborne
Assistant United States Attorney
Court ID# A5500796
99 N.E. 4th Street
Miami, Florida 33132
Tel: (305) 961-9198
Fax: (305) 530-7976

2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I caused a true and correct copy of the foregoing Motion to Continue Trial was to be served by first-class mail on April 19, 2004, to:

Helaine B. Batoff
Assistant Federal Public Defender
150 West Flagler Street, Suite 1700
Miami, Florida 33130.

MARC OSBORNE
Assistant United States Attorney