UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6024-CR-Seitz

UNITED STATES OF AMERICA

v.

HENRY HERNANDEZ

    Defendant.

_____/



## GOVERNMENT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO COMMENT ON PRESENTENCE REPORT

The United States of America respectfully moves this Court for a one-day extension of time to comment on the presentence report. In support whereof, the government states as follows:

1.    On January 27, 2000, before the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Hernandez was indicted in the Southern District of Florida on one count of conspiracy to possess cocaine with the intent to distribute it, in violation of the Controlled Substances Act, 21 U.S.C. § 846, and one count of possession of cocaine with the intent to distribute it, in violation of the Controlled Substances Act, 21 U.S.C. § 841(a)(1).

2.    Although the facts of Hernandez's offense involved 35 kilograms of cocaine, the indictment, consistent with the practice before *Apprendi*, specified only that the offenses involved "a detectable amount" of cocaine.

3.    At the time of the indictment, Hernandez was a fugitive. After his arrest, conviction, and incarceration on unrelated state charges in New York, Hernandez, pursuant to the Interstate Agreement on Detainers, 18 U.S.C. App. 2, requested resolution of the pending charges before this



Court.

4. On May 5, 2004, Hernandez pleaded guilty to the second count of the indictment, charging possession of cocaine with the intent to distribute it. In conjunction with that plea, Hernandez signed a statement of facts indicating that the offense involved 35 kilograms of cocaine.

5. Because the weight of the cocaine was not specified in the indictment, *Apprendi* limits Hernandez's maximum sentence of 20 years' incarceration, as specified in 21 U.S.C. § 841(b)(1)(C) for offenses involving any quantity of cocaine. Any increase in that maximum sentence would have to be made based on facts alleged in the indictment and proved to a jury beyond a reasonable doubt. Although the weight of the cocaine was established at the plea hearing (the equivalent of a jury finding), it was not charged in the indictment. However, as discussed further below, Hernandez remains subject to the 10-year mandatory minimum sentence specified in 21 U.S.C. § 841(b)(1)(A) for offenses involving 5 kilograms or more of cocaine.

6. U.S. Probation Officer Paul E. Czekanski prepared the presentence report in this matter. Based on Hernandez's total offense level of 36 and his criminal history category of IV, Mr. Czekanski calculated a guideline imprisonment range of 262 to 327 months, but properly noted that Hernandez's actual sentence would be capped at 240 months, the statutory maximum. Thus, absent a departure, Hernandez faced a mandatory sentence of 20 years' incarceration. The preliminary presentence report did not discuss the 10-year mandatory minimum sentence.

7. By rule, the parties have 14 days after receipt to respond to the presentence report. Fed. R. Crim. P. 32(f)(1). However, "for good cause," the Court may permit objections "at any time before sentence is imposed." *Id.* 32(i)(1)(D). The presentence report is dated Friday, June 25, 2004. The government does not have a record of the date of its receipt of the report. The cover sheet accompanying the report stated that objections were due by Friday, July 9, 2004, 14 days from the

date of the report.

8. On Friday, July 2, 2004, the government responded to the presentence report by letter to Mr. Czekanski. We did not object to the calculation of Hernandez's sentencing range, but clarified certain facts and requested that additional facts be included in the report.

9. On Thursday, July 8, 2004, the Eleventh Circuit held that, notwithstanding the Supreme Court's decision in *Blakely v. Washington*, No. 02-1632 (June 24, 2004), a defendant may be sentenced to a statutory mandatory minimum sentence based on facts found at sentencing, without regard to the procedures specified in *Apprendi*. See *Spero v. United States*, No. 03-14586 (11th Cir. July 8, 2004).

10. The government does not object to Mr. Czekanski's conclusion that Hernandez faces a mandatory sentence of 20 years' incarceration. Furthermore, the government does not believe that *Blakely* affects this calculation. However, in the event that Hernandez argues, based on *Blakely*, that he is entitled to a sentence of less than 10 years' incarceration, the government will rely on *Spero* at sentencing.

11. The government does not believe that it needs an extension of the time limit specified in Rule 32(f)(1), because the government is not objecting to the presentence report, but rather responding to an anticipated defense argument. Nevertheless, to the extent necessary, the government requests a one-day extension of time. This extension will not prejudice Hernandez, who is not scheduled to be sentenced until July 30, 2004 and therefore has ample time to consider the government's position.

12. Today, July 12, 2004, the undersigned government attorney left a voice message for defense counsel, Helaine Batoff, requesting the defense's position on the government's motion. Ms. Batoff responded with a voice message stating that the defense had no objection and that she had

not yet responded to the presentence report on behalf of the defendant. Ms. Batoff also noted uncertainty as to whether she would continue to represent the defendant in light of his recent motion for appointment of new counsel.

13.   Also today, July 12, 2004, the undersigned defense attorney left a voice message for Mr. Czekanski. As of the time of this motion, Mr. Czekanski has not had an opportunity to respond to that message.

WHEREFORE, respectfully moves this Court for a one-day extension of time to comment on the presentence report.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: *Marc Osborne 7/12/04*
MARC OSBORNE
Assistant United States Attorney
Court ID# A5500796
99 N.E. 4th Street
Miami, Florida 33132
Tel: (305) 961-9198
Fax: (305) 530-7976