FILED by AG D.C.
ELECTRONIC
Aug 7 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO 00-6024 CR-SEITZ
(U.S.MAGISTRATE JUDGE BANDSTRA)

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff,<br><br>vs.<br><br>HENRY HERNANDEZ,<br>    Defendant.<br>_____ | )<br>)<br>)<br>)<br>) DEFENDANT HERNANDEZ' OBJECTIONS<br>) <u>TO PRESENTENCE INVESTIGATION REPORT</u><br>) |

    Defendant Henry Hernandez ("HERNANDEZ"), by and through undersigned court-appointed counsel, respectfully submits his objections to the Presentence Investigation Report ("PSI"), and states:

    1. As a threshold objection, HERNANDEZ objects to paragraph 22 because it sets forth a Base Offense Level ("BOL") which cannot be sustained under current federal law. More specifically, this BOL violates fundamental constitutional guarantees applicable to this case under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). These fundamental constitutional guarantees will be discussed more fully in the Sentencing Memorandum of Law which shall be filed to support these objections.

    2. The fundamental constitutional guarantees, as explained in <u>Apprendi</u>, <u>supra</u>, and <u>Blakely</u>, <u>supra</u>, prohibit increasing a defendant's punishment where the conduct punished has not been presented in the indictment, proven at trial to a jury of the defendant's peers beyond a reasonable doubt, or stipulated to by him in a plea agreement. In the instant case, HERNANDEZ was indicted prior to the both the <u>Apprendi</u> and <u>Blakely</u> decisions. However, because

1

HERNANDEZ stands before this Honorable Court not yet sentenced, these decisions govern the lawful imposition of sentence.[1]

3. HERNANDEZ objects to the factual recitation in paragraph 8 to the extent it is ambiguous about him being "outside" the warehouse. Accordingly, in the second sentence of this paragraph he respectfully requests the addition of the word "outside" immediately before the words "in front of the warehouse bay." He also requests addition in that paragraph that at the time of his arrest he was sweeping and spraying water outside the warehouse.

4. HERNANDEZ objects to paragraph 21 because he has filed a statement of acceptance of responsibility within the August 9, 2004 deadline imposed by this Honorable Court for objections to the PSI.

5. HERNANDEZ objects to paragraph 22 because <u>Apprendi</u> and <u>Blakely</u> mandate his BOL be fixed at the "default amount" for possession with intent to distribute cocaine (Count 2), the controlled substance charge to which HERNANDEZ pled guilty on May 5, 2004. The BOL for this default amount is 12. USSG 2D1.1(14).[2]

6. HERNANDEZ objects to paragraph 26 because it violates constitutional guarantees set forth in <u>Blakely</u>. Among other things, that watershed case stands for the fundamental constitutional principle that a defendant cannot receive enhanced punishment for a fact not returned by the grand jury in the indictment, not found by a jury of the defendant's peers beyond a

---

[1] The Sentencing Memorandum will discuss these landmark Supreme Court cases, as well as how they have been implemented by lower courts, to support HERNANDEZ' objections to the PSI raised here.

[2] Although HERNANDEZ may reference several legal authorities supporting his objections here, he will provide and more comprehensively argue the legal foundation for these objections in his Sentencing Memorandum of Law.

reasonable doubt, and/or not stipulated to by the defendant in his plea agreement. Therefore, it respectfully is submitted the two-level upward adjustment for obstruction of justice, pursuant to USSG 3C1.1, must be stricken. Otherwise, this Honorable Court will be obligated to engage in the type of judicial fact-finding clearly proscribed by Blakely.

    7. HERNANDEZ objects to paragraph 27 because it fixes an illegal adjusted offense level in violation of Apprendi, and Blakely. Rather, this paragraph should reflect a level 12 because: a) the indictment never alleged a particular drug quantity; and b) the plea agreement did not include a stipulation for drug quantity. In other words, this Honorable Court necessarily would have to engage in fact-finding to: a) ascertain what amount of drugs constituted HERNANDEZ' relevant conduct; and b) whether the facts about HERNANDEZ' flight in 2000 justify a two-level upward adjustment for obstruction of justice. This type of judicial activity is prohibited by the central holding in Blakely.

    8. HERNANDEZ objects to paragraph 29 because it does not afford him a downward adjustment for acceptance of responsibility. As shown above, HERNANDEZ' lawful adjusted offense level is less than 16. Therefore, HERNANDEZ should be afforded a two-level decrease for acceptance of responsibility.

    9. HERNANDEZ objects to paragraph 30 because it sets forth an unlawful Total Offense Level ("TOL") of 36 rather than the TOL 12 allowed under Apprendi, and Blakely.

    10. HERNANDEZ objects to paragraph 32 because it takes into account a 1994 conviction acquired by HERNANDEZ while he still was a juvenile. The PSI states that "the arrest circumstances for this case remain pending." Moreover, the facts surrounding whether there was a conviction about the offenses set forth in this paragraph 32 are unclear. Therefore,

HERNANDEZ would state that this criminal history point is not supported by sufficient indicia worthy of acceptance by this Honorable Court. See USSG 4A1.2(a)(d).

11. HERNANDEZ objects to paragraph 33 because it assigns him another criminal history point under circumstances, as in paragraph 32, which are unclear. More specifically, the trial court appears to have imposed a "conditional discharge" without any incarceration. In fact, only fifteen days of "community service" were imposed. Additionally, it is not clear whether there was a "prior sentence... imposed upon adjudication of guilt." Without sufficient indicia of reliability as to whether this criminal history point should be included in HERNANDEZ' criminal history total, it should be stricken by this Honorable Court. See USSG 4A1.2(a).

12. HERNANDEZ objects to paragraph 35 because it assigns five criminal history points whereas no more than three criminal history points should have been included.

13. HERNANDEZ objects to paragraph 36 because it adds two criminal history points under USSG 4A1.1(d). The circumstances of why HERNANDEZ was "serving a term of probation" are vague and ambiguous. USSG 4A1.2(d)(A) requires that a "defendant was released from such confinement within five years of his commencement of the instant offense." The dates are muddled about when HERNANDEZ was placed on probation and discharged from probation. Therefore, it respectfully is submitted these two criminal history points should be stricken from HERNANDEZ' total as well.

14. HERNANDEZ objects to paragraph 37 because it erroneously sets forth a total of seven criminal history points and a Criminal History Category of IV. This total is not supported by the PSI as argued in the preceding paragraphs.

4

15. HERNANDEZ objects to paragraph 46 to the extent it states he "was not able to provide a telephone number for verification purposes" for Ana Amarante, his girlfriend and mother of his son, Henry Hernandez. HERNANDEZ does not recall that he failed to provide that number during his PSI interview. In any event that telephone number is 718-932-0556.

16. HERNANDEZ objects to paragraphs 55-64 to the extent it is made to appear his prior employment is not verifiable. Although the Probation Office has many resources available to it to locate individuals and businesses so it can verify a defendant's employment, for some reason it was not done in this case. HERNANDEZ has asked his family members to assist in gathering information needed to make such verifications. If any such information is obtained prior to the sentencing hearing, it will be communicated to the Probation Office.

17. HERNANDEZ objects to paragraph 70 because it fixes an unlawful TOL of 36, an unjustified Criminal History Category of IV, and an erroneous imprisonment range of 262-327 months. Even though the PSI acknowledges the maximum sentence provided by statute which can be imposed is 240 months, sentencing HERNANDEZ to that term of imprisonment still would be illegal under Blakely. As demonstrated above, to conform with the Supreme Court's mandate under Blakely, this Court is obligated to assign HERNANDEZ a BOL of 12.

18. If the Court does not afford HERNANDEZ a two-level decrease for acceptance of responsibility, then his TOL will remain at 12, and his imprisonment range will be either 21-27, 15-21, or 12-18 months, depending on his correct Criminal History Category. However, if the Court grants HERNANDEZ' request for a two-level decrease for acceptance of responsibility, then he would have a TOL of 10 with an imprisonment range of either 15-21, 10-16, or 8-14 months, depending on his correct Criminal History Category.

19. HERNANDEZ respectfully request that this Honorable Court impose sentence at the low end of the guidelines based upon HERNANDEZ' agreement to voluntarily return to the Southern District of Florida to face the charges here. As stated in paragraph 15 of the PSI, HERNANDEZ "requested he be brought to the Southern District in order to `clear things up.'" This shows HERNANDEZ was in favor of resolving this controversy and, within a very short time period, HERNANDEZ agreed to change his plea to guilty pursuant to a written plea agreement accepted by this Court on May 5, 2004.

20. HERNANDEZ objects to paragraph 71 because the term of supervised release is excessive in light of the crime to which he pled guilty. More specifically, HERNANDEZ pled guilty to Count 2 of the indictment which is a "Class C" felony and, therefore, the term of supervised release is "at least two years but not more than three years." Accordingly, it respectfully is submitted it is appropriate for HERNANDEZ to be sentenced to a term of supervised release of not more than two years.

21. HERNANDEZ objects to paragraph 78 to the extent it requires this Court to engage in judicial fact-finding on the obstruction of justice issue. As will be more fully explained in the Sentencing Memorandum of Law, <u>Blakely</u> proscribes such judicial determinations on sentencing factors which increase a defendant's punishment. Therefore, HERNANDEZ respectfully requests this Honorable Court grant his request for a two-level downward adjustment for acceptance of responsibility because his BOL and adjusted offense level are below 16.

22. HERNANDEZ also requests that any sentence of imprisonment be served concurrent with the sentence he currently is serving in the State of New York as permitted by the Federal Sentencing Guidelines.

Respectfully submitted,

___ / s /_____
Martin A. Feigenbaum
Florida Bar No. 705144
150 West Flagler Street
Museum Tower 1565
Miami, FL 33130
Phone: (305) 372-0946
Fax: (305) 372-0947

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by fax and mail this 9th day of August 2004 to: Marc I. Osborne, AUSA, U.S. Attorney's Office, 99 N.E. 4th Street, Miami, FL 33132 (fax 305-530-7976); and Paul E. Czekanski, USPO, U.S. Probation Office, 300 N.E. 1st Avenue, Room 315, Miami, FL 33132 (fax 305-523-5496).

____ / s /_____