UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6024-CR-Seitz

UNITED STATES OF AMERICA

v.

HENRY HERNANDEZ

　　　　Defendant.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## OBJECTIONS TO PRESENTENCE REPORT

The United States of America respectfully responds to Hernandez's Objections to Presentence Investigation Report.

With regard to Hernandez's arguments (¶¶ 1-2, 5-7, 9, 17, 20) discussing *Blakely v. Washington*, 124 S.Ct. 2531 (2004), the government relies on its separate response to Hernandez's Memorandum of Law.

| PSR ¶ | Obj. ¶ | Government's position |
|---|---|---|
| 8 | 3 | The case agent's memory is that Hernandez was arrested outside the warehouse, near the open bay doors. |
| 21, 29 | 4, 8 | Hernandez is not entitled to an adjustment for acceptance of responsibility, because he obstructed justice by fleeing from custody and remaining a fugitive for over two years. A defendant who commits obstruction of justice is eligible for the acceptance-of-responsibility adjustment only in "extraordinary cases . . . ." U.S.S.G. § 3E1.1 comment. (n. 4). Hernandez's |

| PSR ¶ | Obj. ¶ | Government's position |
|---|---|---|

case is not extraordinary.

Hernandez notes (¶ 18) that, while serving a sentence in New York, he voluntarily requested (by letter of April 15, 2003) that he be returned to the Southern District of Florida to face the pending charges against him and that, "within a very short time period," he pleaded guilty. If Hernandez is attempting to analogize his request to return to Florida to a voluntary surrender, the government notes that his own letter states that he was acting in response to a detainer that had been placed on him in New York state prison. (A copy of his letter is attached to this filing.) In light of Hernandez's decision to remain a fugitive for over two years, his desire to **clear up the federal charges** after his apprehension in New York does not **make his case extraordinary**.

As for the timing of Hernandez's plea, the government notes that, because Hernandez was indicted before the Supreme Court decided *Apprendi v. New Jersey*, his indictment did not specify the weight of the cocaine involved in his offense. For that reason, Hernandez faced a statutory maximum sentence of 20 years' incarceration, pursuant to 21 U.S.C. § 841(b)(1)(C). As described in part in the parties' joint motion to continue trial, filed April 19, 2004, the undersigned government attorney told Hernandez's former counsel, Helaine B. Batoff, that undersigned

| PSR ¶ | Obj. ¶ | Government's position |
|---|---|---|
| | | counsel intended to propose a superseding indictment conforming with *Apprendi*. Had the grand jury returned such an indictment, Hernandez would have faced a statutory maximum sentence of life in prison, pursuant to 21 U.S.C. § 841(b)(1)(A). However, undersigned government counsel and Batoff agreed that, if Hernandez agreed to plead guilty before the grand jury returned the superseding indictment, Hernandez could plead to the original, pre-*Apprendi* indictment. Undersigned counsel also informed Batoff that the superseding indictment would be proposed on April 13, 2004. Hernandez agreed to plead guilty on April 13, 2004. At that time, trial was scheduled to commence during the May 3, 2004 calendar.<br><br>Two days later, Batoff indicated that Hernandez could no longer commit to pleading guilty, as a result of which the parties filed their joint motion to continue trial. The undersigned government attorney then informed former defense counsel that he would propose a superseding indictment after returning from training. As reflected in the government's Notice of Unavailability, filed April 19, 2004, the last day of the undersigned government attorney's training was April 29, 2004. On April 28, 2004, defense counsel left the undersigned attorney a voice mail message stating that Hernandez would plead guilty.<br><br>The government does not suggest that it is improper for a defendant |

| PSR ¶ | Obj. ¶ | Government's position |
|---|---|---|
| | | to plead guilty in order to avoid the return of a superseding indictment carrying a longer maximum sentence. To the contrary, Batoff secured a favorable plea for Hernandez. However, the government does not believe that the timing of Hernandez's agreement to plead guilty reflects any extraordinary element to this case. |
| 32, 36 | 10, 13 | Hernandez objects to the point assigned to this conviction because it occurred "while [he] was still a juvenile." The presentence report reflects that Hernandez was arrested on July 18, 1994, when he was 17, and that he was sentenced to probation on July 17, 1995, when he was 18. The Guidelines instruct that, if an offense occurred when the defendant was a juvenile and the defendant is sentenced to something other than at least 60 days' incarceration, one point is to be added to the defendant's criminal history score, provided that the sentence was imposed "within five years of the defendant's commencement of the instant offense . . . ." U.S.S.G § 4A1.2(d)(2)(B). Hernandez's 1994 offense occurred when he was a juvenile; he was sentenced to probation; and the sentence was imposed on July 17, 1995, less than five years before the instant offense of January 20, 2000.<br><br>Hernandez also contends that the addition to his criminal history score is not based on "competent substantial evidence," because the facts of the offense and "whether there was a conviction" are unclear. The |

4

| PSR ¶ | Obj. ¶ | Government's position |
|---|---|---|
| | | Guidelines increase a defendant's criminal history score based on convictions, not the facts of the offenses. Hernandez does not identify any ambiguity concerning the existence of the conviction nor deny that the conviction occurred. The government is confident that Probation Officer Czekanski would not report an unconfirmed conviction to this Court. If necessary, the government recommends that the Court make inquiries of Probation Officer Czekanski at sentencing.<br><br>Because Hernandez was arrested on the instant offense while still on probation for this (1995) conviction, the presentence report adds two points to Hernandez's criminal history. Hernandez objects that the presentence report is "vague and ambiguous" about "why HERNANDEZ was 'serving a term of probation'" and that "the dates are unclear about when HERNANDEZ was placed on probation, and when he was discharged from probation." In fact, ¶ 32 of the presentence report specifies that Hernandez was sentenced to probation on July 17, 1995 and that he has not been discharged from probation. |
| 33 | 11 | Hernandez begins by objecting that he was sentenced only to community service, not incarceration. But the Guidelines assign a single point to any sentence other than a sentence of at least sixty days' incarceration. U.S.S.G. § 4A1.1(c). A sentence of community service is a sentence to something other than at least sixty days' incarceration and Hernandez has |

5

| PSR ¶ | Obj. ¶ | Government's position |
|---|---|---|
| | | cited no authority suggesting that a sentence of community service would not result in the addition of a point to his criminal history. |
| | | Hernandez also states that it is "not clear" whether the sentence was imposed following an adjudication of guilt. Again, Hernandez does not specify what is unclear about the adjudication. The government remains confident that Probation Officer Czekanski would not report an unconfirmed conviction to this Court and recommends the Court make any necessary inquiries of Probation Officer Czekanski at sentencing. |
| 46 | 15 | The government is confident that Probation Officer Czekanski has properly **reported Hernandez's statements at the time of Probation Officer Czekanski's interview.** The government defers to Probation Officer Czekanski regarding the advisability of additional followup regarding Hernandez's former girlfriend. |
| 55-64 | 16 | The presentence report indicates the efforts taken by Probation Officer Czekanski to confirm Hernandez's reported employment. To the extent that Hernandez considers Probation Officer Czekanski's efforts insufficient, the government disagrees. However, the government is confident that Probation Officer Czekanski will welcome the additional assistance offered by the defendant's family in this regard. |
| 71 | 19 | 21 U.S.C. § 841(b)(1)(C) specifies that, notwithstanding any other provision of law, a defendant sentenced pursuant to that subsection receive |

| PSR ¶ | Obj. ¶ | Government's position |
|---|---|---|

a term of supervised release of at least three years. (In fact, Hernandez is subject to a mandatory minimum term of five years' supervised release under section 841(a)(1)(A). However, the government did not timely note this objection to the presentence report.)

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: /s/ Marc Osborne  8/15/04
MARC OSBORNE
Assistant United States Attorney
Court ID# A5500796
99 N.E. 4th Street
Miami, Florida 33132
Tel: (305) 961-9198
Fax: (305) 530-7976

7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I caused a true and correct copy of the foregoing Response to Defendant's Objections to Presentence Report to be mailed first-class on August 16, 2004 to

Martin A. Feigenbaum
150 West Flagler St.
Museum Tower 1565
Miami, FL 33130

Paul Czekanski
U.S. Probation Officer
300 NE 1st Ave, Suite 315
Miami, FL 33132-2126

*Marc Osborne 8/16/04*
MARC OSBORNE
Assistant United States Attorney