FILED by _____ D.C.
ELECTRONIC
Oct 11 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6024-CR-SEITZ
U.S. MAGISTRATE JUDGE BANDSTRA

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                              ) DEFENDANT HERNANDEZ' MOTION FOR
                                                                   ) IMPOSITION OF ALTERNATIVE SENTENCES
HENRY HERNANDEZ,                    ) AND FOR APPLICATION OF UNITED STATES
    Defendant.                                ) V. RODRIGUEZ TO GUIDELINES CALCULATION
_____ )

      Defendant Henry Hernandez ("HERNANDEZ"), by and through undersigned court-appointed counsel, respectfully moves this Honorable Court at the time of sentencing for imposition of alternative sentences and also for application of United States v. Rodriguez to his Guidelines calculation, and states:

      1.  This Honorable Court currently has set a sentencing hearing in the above-styled cause for October 14, 2004.[1]

      2.  On October 4, 2004, the United States Supreme Court heard oral argument in United States v. Booker, and United States v. Fanfan. In those cases, the Supreme Court will decide whether the United States Sentencing Guidelines are constitutional and should be applied to federal criminal cases in compliance with the dictates of Blakely v. Washington, 124 S. Ct. 2531 (2004).

---

[1] The prior sentencing hearing date of October 6, 2004 was continued by this Honorable Court at HERNANDEZ' request. The Court advised HERNANDEZ to make sure he filed any further requests with the Court as soon as possible. HERNANDEZ advised the Court he would attempt to do so prior to noon on October 12, 2004.

1

3. Although no particular date has been set for the Supreme Court to hand down its decisions in those cases, it is anticipated the Court will rule by the end of the year. Consequently, the Eleventh Circuit has held that United States District Courts in this Circuit "might deem it wise and appropriate to take protective steps in case the Guidelines are later found unconstitutional in whole or in part." United States v. Reese, Case No. 03-13117 (11th Cir. September 2, 2004). The Court also stated "such appropriate and feasible steps might vary with each individual case." The case before this Honorable Court lends itself to this guidance from the Eleventh Circuit.

4. There is a wide divergence between the sentence advocated by HERNANDEZ in his objections to the Presentence Investigation Report ("PSI") and the sentence recommended by the U.S. Probation Office ("Probation") in the PSI. The variance amounts to approximately 15-18 years imprisonment. Accordingly, it is warranted under Reese, supra, that this Honorable Court impose alternative sentences in anticipation of the Supreme Court's rulings in Booker, supra, and Fanfan.[2] Again, the Supreme Court's decision will put to bed the confusion which currently reigns among the federal courts about proper application of Blakely issues[3] to cases pending before federal trial courts such as here.

---

[2] One sentence can reflect one imposed under the current Guidelines framework. The second sentence can be made in the alternative to conform with Blakely if the Supreme Court makes its principles applicable to federal criminal cases. HERNANDEZ previously has argued what HERNANDEZ' Blakely-conforming sentencing should be in his objections to the PSI and sentencing memoranda.

[3] HERNANDEZ' case is unique among most cases currently pending for the sentencing of a defendant in a federal court. HERNANDEZ was indicted prior to the handing down of Apprendi v. New Jersey, signed a plea agreement prior to Blakely v. Washington, and now awaits sentencing after United States v. Reese, where the Eleventh Circuit appears to favor for purposes of judicial economy alternative sentences which can be utilized later to conform with the dictates of Booker, and Fanfan.

2

5. HERNANDEZ also respectfully requests that this Honorable Court fix a total offense level applying the principles enunciated in <u>United States v. Rodriguez</u>, 64 F.3d 638 (11th Cir. 1995). In <u>Rodriguez</u>, the Eleventh Circuit held that a district court has discretion to downward depart from the statutory maximum when it serves to nullify an adjustment for acceptance of responsibility under USSG 3E1.1. Accordingly, it respectfully is requested this Honorable Court afford HERNANDEZ a three-level downward adjustment from a total offense level ("TOL") reflecting a twenty-year statutory maximum sentence. More specifically, a level 34 encompasses a 240-month sentence, and a three-level downward adjustment would result in a TOL of 31. With a category IV criminal history, HERNANDEZ' imprisonment range would be 151-188 months.[4]

6. Due to the Columbus Day Holiday and other time constraints, undersigned counsel has not yet conferred with Marc I. Osborne, the Assistant United States Attorney assigned to this case, to ascertain the Government's position on the foregoing pursuant to Local Rule 88.9. The undersigned apologizes to the Court and Mr. Osborne for not being able to do this.

WHEREFORE, Defendant Henry Hernandez respectfully moves this Honorable Court for: a) alternative sentences, including one which would conform to the dictates of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), as more fully prayed for in his objections to the PSI; and b) application of <u>United States v. Rodriguez</u>, 64 F.3d 638 (11th Cir. 1995), in applying the adjustment for acceptance of responsibility.

---

[4] Were the Court to grant HERNANDEZ' request for a two-level downward adjustment for minor role, then his TOL would be 29 with an imprisonment range of 121-151. This still would be greater than the 120-month mandatory minimum he would be required to serve.

## MEMORANDUM OF LAW

In <u>United States v. Rodriguez</u>, 64 F.3d 638 (11th Cir. 1995), the Eleventh Circuit held, inter alia:

> We hold that a district court has the same discretion to depart downward when USSG 5G1.1(a) renders the statutory maximum the guideline sentence as it has when the guideline sentence is calculated without reference to USSG 5G1.1(a)... We hold, therefore, that a district court has the discretion to reward a defendant's acceptance of responsibility by departing downward when USSG renders USSG 3E1.1 *ineffectual in reducing the defendant's actual sentence.*

<u>Id</u>. at 642-43 (emphasis supplied).

HERNANDEZ finds himself in the same posture as the defendant in <u>Rodriguez</u>, <u>supra</u>.

Therefore, it respectfully is requested that its principles be applied to HERNANDEZ' case.

Respectfully submitted,

_____
Martin A. Feigenbaum
Florida Bar No. 705144
150 West Flagler Street
Museum Tower 1565
Miami, FL 33130
(305) 372-0946

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by fax and mail this day of 12th day of October, 2004, to: Marc I. Osborne, AUSA, U.S. Attorney's Office, 99 N.E. 4th Street, Miami, FL 33132 (fax 305-536-7213); and Paul E. Czekanski, USPO, U. S. Probation Office, 300 N.E. 1st Avenue, Room 315, Miami, FL 33132 (305-523-5496).

_____

5