# United States Court of Appeals
## Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

September 16, 2005

Clarence Maddox
Clerk, U.S. District Court
301 N MIAMI AVE STE 150
MIAMI FL 33128-7788

**Appeal Number: 04-15567-BB**
Case Style: USA v. Henry Hernandez
District Court Number: 00-06024 CR-PAS

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
  Original Exhibits, consisting of: one psi
  Original record on appeal or review, consisting of four volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.



MDT-1 (03/2004)

# United States Court of Appeals
For the Eleventh Circuit

No. 04-15567

District Court Docket No.
00-06024-CR-PAS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jul 12, 2005

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

versus

HENRY HERNANDEZ,

  Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Florida

---

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
SEP 1 6 2005
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:      July 12, 2005
For the Court:  Thomas K. Kahn, Clerk
By:           Allen, Brenda

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 04-15567
Non-Argument Calendar

---

D.C. Docket No. 00-06024-CR-PAS

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 12, 2005
THOMAS K. KAHN
CLERK
```

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY HERNANDEZ,

Defendant-Appellant.

---

Appeal from the United States District Court for the
Southern District of Florida

---

(July 12, 2005)

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

Henry Hernandez appeals his sentence imposed after pleading guilty to possession with intent to distribute cocaine, a violation of 21 U.S.C. § 841(a)(1), arguing the district court erred under *United States v. Booker*, 125 S. Ct. 738 (2005). We affirm Hernandez's sentence.

## I. DISCUSSION

Because Hernandez raised a constitutional objection to his sentence based on *Blakely v. Washington*, 124 S. Ct. 2531 (2004), before the district court, we review his sentence de novo, but will reverse only for harmful error. *See United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). We have clarified there are two types of *Booker* error: (1) Sixth Amendment, or constitutional error based upon sentencing enhancements, imposed under a mandatory Guidelines system, neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory Guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1329–30 (11th Cir. 2005).

A.   *Constitutional Error*

There is no Sixth Amendment error under *Booker* where the defendant has admitted to facts later used by the district court to enhance a sentence. *Id.* at 1330. A quantity of 15 kilograms but less than 50 kilograms of cocaine results in a base

2

level of 34. *See* U.S.S.G. § 2D1.1(c)(3). An enhancement for obstruction of justice is proper where the defendant "escap[es] or attempt[s] to escape from custody before trial or sentencing." *See* U.S.S.G. § 3C1.1, comment. (n.4(e)). In the statement of facts supporting his plea agreement, Hernandez admitted that the offense involved 35.01 kilograms of cocaine and that he fled DEA custody and remained a fugitive for more than two years. Thus, Hernandez admitted the facts supporting his base offense level of 34 and the enhancement for obstruction of justice, and there is no *Booker* constitutional error.

B.   *Statutory Error*

Even in the absence of a Sixth Amendment violation, *Booker* error exists where the district court imposes a sentence under a mandatory Guidelines system. *Shelton*, at 1330–31. The district court sentenced Hernandez under a mandatory Guidelines system, thus statutory error exists. *See id.* "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance . . . that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." *United States v. Mathenia*, 11th Cir., 2005, __ F.3d __ (No. 04-15250, May 23, 2005) (internal

quotation marks and brackets omitted). The Government has the burden of showing the error was harmless. *Id.*

When imposing Hernandez's sentence, the district judge stated that "if the [G]uidelines are advisory or truly [G]uidelines as opposed to a rigid, I will still impose the same sentence." Accordingly, the Government has met its burden of showing the *Booker* statutory error of sentencing Hernandez under a mandatory Guidelines scheme was harmless. *See United States v. Robles*, 11th Cir., 2005, __ F.3d __ (No. 04-13598, May 10, 2005) (holding, under the higher beyond a reasonable doubt standard used in *Booker* constitutional error cases, that although the district court erred in imposing a sentence under a mandatory Guidelines system based on facts not admitted by the defendant, the error was harmless beyond a reasonable doubt because "[t]he district court stated its sentence would be the same even if the [G]uidelines were only advisory").

## II. CONCLUSION

There was no *Booker* constitutional error because Hernandez admitted the facts used in imposing his sentence. Additionally, the Government has met its burden of showing the *Booker* statutory error of sentencing Hernandez under a mandatory Guidelines scheme was harmless.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

Deputy Clerk
Atlanta, Georgia

4