07-60035

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Criminal Case No. 00 – 6024 – CR – SEITZ

UNITED STATES OF AMERICA,

V.

HENRY HERNANDEZ,

Defendant-Movant,

DEFENDANT HERNANDEZ'S MOTION TO VACATE, SET ASIDE, AND TO CORRECT, MODIFY, RESENTENCE OR SET FOR NEW TRIAL PURSUANT TO TITLE 28 UNITED STATES CODE 2255 Et. Seq.

Comes Now the Defendant, Henry Hernandez, by and through undersigned counsel, and moves this Court for a grant to vacate or set aside his conviction, and to correct, modify or set for new trial pursuant to Title 28 United States Code 2255 and states in support thereof the following:

FILED by ___ D.C.
INTAKE
JAN 03 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

BACKGROUND

Defendant Henry Hernandez pled guilty to count two of a two count indictment. Hernandez was charged with possession with intent to distribute cocaine, in violation of 21, United States Code section 841 (a)(1).

After his indictment Hernandez fled the jurisdiction and went into hiding. He was apprehended two years later, and incarcerated. At that point, Hernandez

Page 1

began negotiations as to his plea. Pursuant to a written plea agreement dated May 5, 2004, the government agreed to dismiss Count One concerning conspiracy as a consideration of the plea agreement.

According to the agreement, the defendant agreed to plead guilty to count two of the indictment. The information contained in count two indicated that the defendant possessed with intent to distribute a scheduled to controlled substance containing a detectable amount of cocaine. Neither the indictment nor the plea agreement indicated the quantity of cocaine possessed by the defendant.

Hernandez, during the month of August 2004, filed a notice of acceptance of responsibility, and provided a sentencing memorandum in his behalf. On October 21, 2004 Hernandez was sentenced before the Honorable Judge Patricia Seitz. The judgment imposed a sentence of 188 months with a supervised release term of three years. The judgment and commitment order required the service of this term concurrently with two other state sentences. Further, the court required the deportation of the Defendant upon termination of incarceration.

Hernandez appealed (# 04-15567) and his conviction was affirmed by the Eleventh Circuit Court of Appeals on July 12, 2005. Hernandez then filed a writ of certiorari to the United States Supreme Court, which denied certiorari in case number 05-8133 on January 17, 2006.

Hernandez is currently incarcerated (BOP# 63524-004) pursuant to an order of this court remanding custody to the Bureau of Prisons and is incarcerated in the Federal Correctional Institute in FCI Coleman, Florida.. Hernandez's current release date is set for June 18, 2017.

## JURISDICTIONAL STATEMENT

Hernandez's motion for habeas relief seeks a finding that the judgment was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a judgement, or that the sentence was in excess of the maximum authorized by law or sentencing guidelines, or that his sentence is otherwise subject to collateral attack. Title 28 U.S.C. 2255; et. seq.

Hernandez claims that a review of his sentencing or the sentencing procedure employed therein, reveals fundamental defects which have resulted in a complete miscarriage of justice. Hill v. United States, 368 U.S. 424 (1962).

## THE AEDPA

Hernandez has filed this Section 2255 motion on a timely basis in light of Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, 1220 which creates a "1-year period of limitation" in which to file a § 2255 motion. The one-year period begins at the latest of several specified dates: (1) "the date on which the judgment of conviction becomes final"

on direct appeal; (2) "the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action"; (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; and (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

In this case, Hernandez's Section 2255 is being timely filed one year from the denial by the United States Supreme Court, and this motion is due on or before January 16, 2007.

## STANDARD OF REVIEW

Hernandez's subsequent pleadings to the United States courts timely raised various "Booker" issues in this case. In this motion Hernandez claims that his counsel was ineffective within the parameters of the Sixth Amendment. Strickland v. Washington, 466 U.S., at 688, 104 S.Ct. 2052); Rompilla v. Beard 125 S.Ct. 2456, 162 L.Ed.2d 360, (2005) and concerns plain error. United States v. Rodriguez, – F.3d –, 2005 WL 272952, at *6 (11th Cir. Feb. 4, 2005).

In this case, Hernandez claims that ,but for the errors by his counsel, there

would have been a different result. In this light Hernandez claims that there is (1) error, (2) that is plain, and (3) that affects substantial rights.'" See United States v. Cotton, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002).

## Ground I

### MISAPPREHENSION OF LAW CREATED MANIFEST INJUSTICE AND RESENTENCING IS MANDATED

Only a voluntary and intelligent guilty plea is constitutionally valid. Brady v. United States, 397 U.S. 742, 748. A plea is not intelligent unless a defendant first receives real notice of the nature of the charge against him. Smith v. O'Grady, 312 U.S. 329, 334. Hernandez claims that his plea is constitutionally invalid when the District Court, his defense counsel, and the government misinformed him that the sentencing guidelines were mandatory. Bousley v United States, 523 U.S. 619 (1998); Brady v. United States, supra, McMann v. Richardson, 397 U.S. 759 and Parker v. North Carolina, 397 U.S. 790.

Hernandez claims that the his counsel and the court had committed a misapprehension of law that constituted a "manifest injustice." when both counsel and the court stated that mandatory guidelines must be imposed in his case which led him to believe that he could not receive a lower sentence than the guidelines imposed. In light of the clarification by United States v Booker, infra, this was not

the case..

The court relied upon a mandatory sentencing scheme and therefore labored under a misapprehension of law which resulted in the Defendant's reliance upon same in consideration of his plea. See <u>Addonizio</u>, 442 U.S. at 188 (holding that§ 2255 relief is warranted when a court's misapprehension of law results in a"miscarriage of justice"). Consequently, Defendant Hernandez's received misinformation from both counsel and the court and this formed the basis of his decision to plead guilty Therefore, his plea was uninformed, unintelligent and therefore involuntary and this constitutionally invalid.

The vacature of the judgment under § 2255 necessarily includes the defendant's sentence. See <u>Teague v. Lane</u>, 489 U.S. 288, 314 n.2 (1989)("As we have often stated, a criminal judgment necessarily includes the sentence imposed upon the defendant."); see also <u>United States v.Colvin</u>, 204 F.3d 1221, 1224 (9th Cir. 2000) (recognizing that the judgment of conviction includes the adjudication of guilt and the defendant's sentence); <u>Kapral v. United States</u>, 166 F.3d 565, 569 (3dCir. 1999) (same).

## Ground II

**COUNSEL'S FAILURE TO INVESTIGATE THE SENTENCING PROCEDURE IN RESPECT TO THE SIXTH AMENDMENT PROVIDED**

# INEFFECTIVE ASSISTANCE OF COUNSEL AND RESENTENCING IS MANDATED

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." This right "is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).

"It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction. ... The duty to investigate exists regardless of the accused's admissions or statements to the lawyer of facts constituting guilt or the accused's stated desire to plead guilty." 1 ABA Standards for Criminal Justice 4-4.1 (2d ed. 1982 Supp.). See Strickland v. Washington, 466 U.S., at 688, 104 S.Ct. 2052); Rompilla v. Beard 125 S.Ct. 2456, 162 L.Ed.2d 360, (2005).

In this case, Counsel for the defense failed to ascertain whether in fact, the sentencing guidelines applied in a mandatory sense, and if not, should have provided alternative sentencing to the court in behalf of the defendant. Hernandez claims that his counsel failed to investigate the requirements of the imposition of a mandatory sentence and that the sentence was substantially swayed by the error

and the sentence should not be maintained due to the error.

Hernandez asserts that the failure of his counsel to research, investigate, and review Hernandez's entitlements and Apprendi defense strategies caused the allowance of inaccurate information to be used in the calculation of his sentence and constituted a complete deprivation of effective assistance of counsel. The constitutional violations of Hernandez's Sixth Amendment rights at both the trial and appellate levels, therefore entitle Hernandez to relief. Strickland v. Washington, 466 U.S., at 688, 104 S.Ct. 2052); Rompilla v. Beard 125 S.Ct. 2456, 162 L.Ed.2d 360, (2005).

## Ground III

**HERNANDEZ'S GUILTY PLEA WAS BASED ON MISREPRESENTATION BY COUNSEL AND THEREFORE HIS PLEA WAS INVOLUNTARY**

Counsel informed Hernandez that the guidelines were mandatory and he could not receive a lower sentence.. With this information by counsel, and being advised to plead guilty on the basis of such information, Hernandez decided to change his original plea and pled guilty. Hernandez subsequently signed a written plea agreement.

Since the foundation of Hernandez's plea was based on the misinformation

by his counsel, Hernandez's plea was not voluntary.

Admittedly, when a defendant challenges the voluntariness of a plea entered upon the advice of counsel, contending that his counsel was ineffective, "the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, (1985); Strickland v. Washington, 466 U.S. 668 (1984); and McMann v. Richardson, 397 U.S. 759 (1970); Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir.1995) (quoting Hill v. Lockhart).

It is fundamental that a plea that is involuntary, unintelligent, or uninformed is an invalid plea. United States v. Garcia, 401 F.3d 1008 (9th Cir. 2005); citing Brady v. United States, 397 U.S. 742, 748 (1969); see also Fontaine v. United States, 411 U.S. 213 (1973); Boykin v. Alabama, 395 U.S. 238 (1969); McCarthy v. United States, 394 U.S. 459, 464-67 (1969). Thus a guilty plea that is obtained through ... inducements, ..... is involuntary and offensive to due process. Boykin, 395 U.S. at 243 [footnote omitted]; Machibroda v. United States, 368 U.S. 487 (1962); Sanchez v. United States, 50 F.3d 1448, 1454 (9th Cir. 1995). "Even if a plea is entered with full knowledge of its direct consequences, it cannot stand if

..........misrepresentation (including unfulfilled or unfulfillable promises)...... <u>Brady v. United States</u>, 397 U.S. at 755 (1969) [citation omitted]. "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." <u>Id</u>.; <u>United States v. Fairchild</u>, 803 F.2d 1121, 1123 (11th Cir.1986) (per curiam).

Hernandez has consistently related that, but for his counsel representations as to the maximum sentence of sixty (60) months, he would have gone to trial. It is still the defendant's belief that he would have received no greater sentence than that currently imposed due to his guilty plea, had he gone to trial.

Therefore, Hernandez insists that, but for his counsel's misrepresentation, he would have gone to trial with every probability of receiving a lesser sentence than the sentence imposed.

Hernandez acknowledges that, as with other types of ineffective assistance of counsel claims, he has the burden to show that counsel's performance fell below a reasonable standard of competence and that he would, with a reasonable probability, have pled not guilty and insisted on going to trial had he been properly advised. Hernandez believes that he has met the burden, required under the Supreme Court's criteria, and that the burden now shifts to the government.

v. United States, 397 U.S. at 755 (1969) [citation omitted]. "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." Id.; United States v. Fairchild, 803 F.2d 1121, 1123 (11th Cir.1986) (per curiam).

Hernandez has consistently related that, but for his counsel representations as to the maximum sentence of sixty (60) months, he would have gone to trial. It is still the defendant's belief that he would have received no greater sentence than that currently imposed due to his guilty plea, had he gone to trial.

Therefore, Hernandez insists that, but for his counsel's misrepresentation, he would have gone to trial with every probability of receiving a lesser sentence than the sentence imposed.

Hernandez acknowledges that, as with other types of ineffective assistance of counsel claims, he has the burden to show that counsel's performance fell below a reasonable standard of competence and that he would, with a reasonable probability, have pled not guilty and insisted on going to trial had he been properly advised. Hernandez believes that he has met the burden, required under the Supreme Court's criteria, and that the burden now shifts to the government.

Hernandez recognizes that when analyzing ineffective-assistance claims,

Hernandez recognizes that when analyzing ineffective-assistance claims, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. Strickland v. Washington, 466 U.S. 668, 689 , 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Harich v. Dugger, 844 F.2d 1464, 1469 (11th Cir.1988). The Supreme Court has held that in some cases, particularly in the case of a section 2255, counsel's error at sentencing phase, which resulted in an increase in the defendant's sentence could be sufficiently prejudicial to constitute ineffective assistance, provided counsel's performance was unreasonable. See Glover v. United States, 531U.S. 198, 203 – 204 (2001). In this case, Hernandez is requesting an evidentiary hearing for the purpose of demonstrating to this court the veracity of his claims.

## EVIDENTIARY HEARING

Hernandez asserts that he is entitled to prevail on a claim of being that there existed constitutional error invalidating all of the aggravating circumstances upon which the sentence was based.

In light of the above, Hernandez believes that he can demonstrate that he was deprived of constitutionally protected Sixth Amendment Due Process, which included a sentence in excess of the authorized maximum in violation of the Eighth Amendment of the United States Constitution, and as noted above.

Hernandez seeks relief as to his sentence on the ground that the district court committed statutory error when it sentenced him pursuant to a mandatory guidelines system. United States v. Gustoma, 156 Fed. Appx. 214 (11th 2005).

Finally, this Court should find that Hernandez preserved his right to invoke the tenets of Apprendi, that there was error, and said error was harmful. Accordingly, this court should vacate the sentence and remand for resentencing.

In order to be entitled to an evidentiary hearing, Hernandez need only allege reasonably specific non-conclusory facts that, if true, would entitled him to relief. A habeas corpus petitioner is entitled to an evidentiary hearing on his claim "if he alleges facts which, if proven, would entitle him to relief." Futch v. Dugger, 874 F.2d 1483, 1485 (11th Cir.1989).

Hernandez claims that the above allegations are not contradicted by the record and the claim is not frivolous. Aron v. United States, 291 F.3d 708 (11th Circuit 2002). On this basis, Hernandez moves for an evidentiary hearing pursuant to 28 United States Code 2255, Rule 8; if this court deems such to be equitable and just.

**FINAL CONCLUSION AND REQUEST FOR RELIEF**

Defendant Henry Alan Hernandez is moving for a finding that the judgement was imposed in violation of the Constitution or laws of the United States, or that

the court was without jurisdiction to impose such judgement, or that the sentence was in excess of the maximum authorized by law or sentencing guidelines, or is otherwise subject to collateral attack.

Wherefore Defendant Henry Hernandez, by and through his undersigned counsel, moves this court for a grant of vacatur and for this court to effectuate correction, modification, or setting of retrial, and any other relief which this court may deem equitable and just.

Submitted;

David Jay Bernstein, Esq.
Florida Bar #38385
Attorney for Henry Hernandez
1451 West Cypress Creek Road
Fort Lauderdale, Florida 33309
Telephone: (954) 958-0331

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY the original and two copies of the foregoing Motion for 28 U.S.C. 2255 Habeas Corpus relief were sent, with U.S. First Class postage, to the Clerk of Court for the United States District Court for the Southern District of Florida 301 North Miami Avenue, Miami, Florida 33128 and a copy to the United States Attorney 500 South Australian Avenue, Suite 400, West Palm Beach, Florida 33401 this 26th day of December, 2007.

Submitted,



Page 13